# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MICHAEL G. FREED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13 CV 185** |
| | ) | |
| **CAPTAIN TUCKER,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Michael G. Freed, a *pro se* prisoner, filed a complaint alleging that on the night of

March 7, 2012, several prison guards let him lay injured for 8 hours because they did

not properly monitor him. "A document filed *pro se* is to be liberally construed, and a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A,

the court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

A complaint must contain sufficient factual matter to "state a claim that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Freed suffers from mental illness and has a history of trying to injure himself. On the night of March 7, 2012, he was confined in an observation cell equipped with video monitoring. He overdosed. He does not say on what, nor where he obtained it. Then he fell and split his chin, which would later require five stitches. The defendant guards were required to observe inmates in these cells and to make rounds every 30 or 60 minutes. But on this night, Freed was not found for 8 hours while he lay unconscious on his bed.

Clearly this is unfortunate. Freed's medical condition requires that he be supervised by others. Both he and society at large justifiably expect that guards will

appreciate the gravity of their duties. They are expected to discharge those duties in a responsible and professional manner. Based on the allegations in this complaint, which the court accepts as true for the purposes of this screening order, the guards did not properly discharge their duties.

However, that alone is insufficient to state a claim against them. Liability under § 1983 attaches only where a defendant acts with deliberate indifference. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206,

1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

This case is similar to *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 678 (7th Cir. 2012). In that case, Rice was an inmate with a history of severe mental illness who was housed in the Elkhart County Jail. He too was held in cell that was to be checked every hour. But on the night he died, his cell was unmonitored. His estate sued the guards who were on duty that night as well as their supervisors because they did not regularly check to see if he was okay. The court observed that,

> A factfinder might conclude that the guards exhibited a generalized recklessness with respect to the safety of the inmates housed on Ward One by failing to conduct hourly checks of the administrative segregation unit. But there is no evidence that the guards were subjectively aware of the possibility that Rice might engage in a behavior such as compulsive water drinking that would cause him to die within a matter of hours and that they consciously disregarded that risk. Nor is there evidence that the jail's supervisors were aware of such a possibility. On this record, a factfinder could not reasonably conclude that any of the jail personnel were deliberately indifferent to this sort of risk.

*Rice*, 675 F.3d at 679.

The same is true here. Freed overdosed and fell. Based on the facts alleged in this complaint, it is not plausible to infer that anyone could have been aware of such a possibility. Freed had previously lit his cell on fire and bitten at his wrists – both of which were active, attention getting events. Here, he fell on his bed where he lay for 8 hours. Though the cell was monitored by video camera, it would not have been exceptional to see an inmate laying unconscious in his bed at night. The guards should

have performed their required rounds. They should have carefully checked Freed to insure that he was okay. The description of the guards' behavior indicates that they were inattentive, unreasonable, and negligent – but not deliberately indifferent. These facts do not plausibly alleged that any of the guards had actual knowledge that Freed was at serious risk of harm and yet intentionally decided to do nothing to prevent it from happening. Therefore, Freed does not state a claim.

Though not stating a claim is reason enough to dismiss this case, even if Freed had stated a claim, this case would still have been dismissed because he did not exhaust his administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Although exhaustion is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment . . . ." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, Freed states that the prison has a grievance system. He states that this incident was grievable, though at the time he didn't think that it was. That is to say, he misunderstood. Nevertheless, he also says that he did not want to file a grievance because he has had trouble with Captain Truax in the past and did not think it was a good idea to complain about him. These are not justifications for ignoring the grievance system.

> Exhaustion is necessary even if the prisoner is requesting relief that
> the relevant administrative review board has no power to grant, such

as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted). "Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed [and] . . . it is essential to keep the courthouse doors closed until those efforts have run their course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). "No one can know whether administrative requests will be futile; the only way to find out is to try." *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536 (7th Cir. 1999). Indeed, there is not even an "exception for prisoners who allege 'imminent danger' . . . ." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010). Therefore, even if Freed had been able to state a claim, this case would have been dismissed anyway because he did not file a grievance about these events.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: March 19, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT